NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2333

_____

UNITED STATES OF AMERICA

v.

SHAWN SYLVESTER,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 02-0250)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2010
_____

Before: RENDELL, JORDAN, and GREENAWAY, JR., Circuit Judges

(Opinion Filed:  August 20, 2010)
_____

OPINION

GREENAWAY, JR., Circuit Judge

    Appellant Shawn Sylvester ("Sylvester") appeals from an order of the United

1

States District Court for the Middle District of Pennsylvania denying his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we will affirm.

## I.   BACKGROUND

We write solely for the benefit of the parties and recount only the essential facts.

On April 1, 2003, Sylvester entered a guilty plea, pursuant to a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Specifically, Sylvester pled guilty to Count II of a three-count Indictment, charging him with distributing and possessing with intent to distribute 1.5 kilograms or more of crack cocaine. The plea agreement stipulated a prison term of 240 months.

The Probation Office prepared a Presentence Investigation Report ("PSR") that calculated a United States Sentencing Guidelines ("Guidelines") range of 292 to 365 months. The PSR also noted that the binding plea agreement's stipulated sentence was the maximum statutory term of 240 months. Sylvester lodged no objections to the calculation of his sentence, as it appeared in the PSR.

In July 2003, the District Court adopted the factual findings and the Guidelines calculations of the PSR, and, consistent with the plea agreement, sentenced Sylvester to a prison term of 240 months.

In 2007, the Guidelines were amended to decrease the offense levels for crack

2

cocaine offenses.[1] In response to the amendments, on November 10, 2008, Sylvester filed a motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides in relevant part: "[i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ...."

The District Court denied Sylvester's motion on April 20, 2009, finding Sylvester was ineligible for relief because he had entered into a binding plea agreement. The District Court relied on United States v. Sanchez, 562 F.3d 275 (3d Cir. 2009), to support its conclusion.

Sylvester filed a timely notice of appeal.

## II.   JURISDICTION

The District Court had jurisdiction, pursuant to 18 U.S.C. § 3231. We exercise jurisdiction, pursuant to 28 U.S.C. § 1291.

## III.   STANDARD OF REVIEW

In general, our review of a district court's order denying a defendant's motion for sentence reduction is for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Where-as is the case here-a district court rules that it lacks the authority to order a reduction, however, our review of the legal question is *de novo*. United States v. Sanchez, 562 F.3d at 279-88.

---

[1]   Amendment 706 of the U.S. Sentencing Guidelines, § 2D1.1 (2007).

## IV.   ANALYSIS

Sylvester contends, solely for purposes of issue preservation[2], that the District Court erred by denying his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2).  He asserts that this Court should adopt the reasoning of United States v. Dews, 551 F.3d 204 (4th Cir. 2008), in which the United States Court of Appeals for the Fourth Circuit permitted a district court to consider a Section 3582 sentence reduction motion despite the existence of a Rule 11(c)(1)(C) binding plea agreement.  Appellant's Br. 9.

This Court's decision in United States v. Sanchez, forecloses Sylvester's request for relief.[3]  Section 3582(c)(2) relief is not available for a defendant who has been sentenced, pursuant to a Rule 11(c)(1)(C) binding plea agreement.  Sanchez, 562 F.3d at 282 n.7.  Here, Sylvester stipulated to the sentence imposed in a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the validity of which is undisputed.

---

[2]   Sylvester concedes, as he must, that,

> [this] Court has rejected [his] argument holding that § 3582(c)(2) sentence reduction motions are not available where the defendant entered into a Rule 11 binding plea agreement.  United States v. Sanchez, 562 F.3d 275 (3d Cir. 2009).  Nevertheless, for the purposes of preserving this issue for future proceedings, if any, Sylvester sets forth his argument below.

Appellant's Br. 8.

[3]   Notably, Sanchez was decided after Dews, and explicitly rejected the majority position in that decision in favor of the dissent.  562 F.3d at 282 n.7.

4

## V.  CONCLUSION

Based on the foregoing, we will AFFIRM the order of the District Court denying

Sylvester's motion for sentence reduction.