NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1855
_____

UNITED STATES OF AMERICA

v.

SHAWN SYLVESTER,
a/k/a "Tyrone",
a/k/a "Blunt"

Shawn Sylvester,
                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cr-00250-001)
District Judge:  Hon. Thomas I. Vanaskie
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2013

Before:   RENDELL, FISHER, and JORDAN, *Circuit Judges*.

(Filed: January 11, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Shawn Sylvester appeals an order from the United States District Court for the

Middle District of Pennsylvania denying his motion for a sentence reduction under 18

U.S.C. § 3582(c)(2). Because we agree with the District Court that Sylvester is ineligible for a sentence reduction, we will affirm.

## I. Background

On September 26, 2002, a federal grand jury charged Sylvester in a three-count Indictment with crack cocaine trafficking offenses. Count 1 charged him with conspiracy to distribute and to possess with intent to distribute more than 50 grams of crack, in violation of 21 U.S.C. § 846; Count 2 charged him with possession with intent to distribute and distribution of more than 5 grams of crack, in violation of 21 U.S.C. § 841(a)(1); and Count 3 also charged him with possession with intent to distribute more than 5 grams of crack, again in violation of § 841(a)(1). Sylvester initially pled not guilty to all three Counts.

On February 24, 2003, the government filed an Information pursuant to 21 U.S.C. § 851(a) informing the Court that Sylvester had two prior felony convictions involving delivery of controlled substances and notifying both the Court and Sylvester of the government's intent to seek a penalty of life imprisonment without release. If the case had gone to trial and the government had proven the quantity of crack alleged in Count 1 of the Indictment, *i.e.*, more than 50 grams, Sylvester would have received a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). In addition, Sylvester would have faced mandatory minimum sentences of 10 years' imprisonment and maximum sentences of life imprisonment on both Counts 2 and 3, pursuant to 21 U.S.C. § 841(b)(1)(B).

On April 1, 2003, Sylvester and the government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1] Under that agreement, Sylvester committed himself to plead guilty to Count 2 of the Indictment, which the government amended to remove the specific quantity of crack, thereby capping Sylvester's sentence at the statutory maximum of 20 years.[2] The plea agreement provided that the agreed-upon sentence, if the District Court accepted the plea, would "include a sentence of imprisonment of 20 years." (App. at 33.) The plea agreement also stipulated that, under the United States Sentencing Guidelines, the parties would recommend that Sylvester be classified as "a career offender within the meaning of

---

[1] That Rule provides, in pertinent part, as follows:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
> …
> agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C).

[2] Sylvester pleaded guilty to violating 21 U.S.C § 841(a)(1), with no specification of a quantity of crack in the charge. Pursuant to 21 U.S.C. § 841(b)(1)(C), he thus faced a maximum term of imprisonment of 20 years for possession of a schedule II controlled substance, cocaine base (crack).

[United States Sentencing Guidelines ("U.S.S.G.")] §4B1.1" and that "more than 1.5 kilograms of cocaine base (crack) are attributable to [Sylvester] for the purposes of sentencing." (App. at 37.) The career offender status made his criminal history category VI, and the agreed-upon quantity of crack resulted in a stipulated base offense level of 38. The plea agreement also provided that the government would recommend a three-level reduction in the applicable offense level for timely acceptance of responsibility but that, if the Court declined to grant that reduction, the plea agreement would still bind Sylvester.

At the parties' prompting, the District Court held a change of plea hearing and, in accordance with Rule 11(c)(3)(A), accepted the plea agreement. The Probation Office submitted a Presentence Investigation Report ("PSR"), which used the sentencing guidelines to calculate Sylvester's total offense level as 35 (after the three-level reduction for acceptance of responsibility) and his criminal history as falling within category VI. Given that offense level and criminal history category, the PSR provided that Sylvester's guidelines range was 292 to 365 months' imprisonment. Because of the statutory maximum sentence of 20 years' imprisonment, however, his final advisory guidelines sentence was 240 months' imprisonment. (*See* PSR ¶ 53); *see also* U.S.S.G § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

On July 22, 2003, after review of that report, the District Court sentenced Sylvester to 20 years' imprisonment. The Court stated that it adopted the PSR's factual

4

findings and guidelines application, but observed that "[t]his matter is governed by a maximum prison term of 20 years under the statute." (App. at 49; *see also id.* at 50 (explaining that, although there was an offense level and criminal history category calculated, the guidelines range did not control).)

In November 2007, the guidelines were amended to reduce the imprisonment ranges for certain defendants convicted of crack related offenses. *See* U.S.S.G. app. C, amend. 706. That amendment, known as Amendment 706, was given retroactive effect. *See id.* app. C, amend. 713; *id.* § 1B1.10.[3] In response, on November 10, 2008, Sylvester filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).[4] The District Court denied that motion, and we affirmed, citing to our then-controlling precedent that a plea agreement under Rule 11(c)(1)(C) categorically barred reduction of sentences based

---

[3] Under Amendment 706, Sylvester's guidelines range became 235 to 240 months. The top of that range reflected the statutory maximum of 240 months' imprisonment.

[4] That statute permits the modification of a defendant's sentence in certain situations. Relevant here, it provides, in pertinent part, as follows:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> …
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … , upon motion of the defendant … , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

on guidelines amendments. *See United States v. Sylvester,* 391 F. App'x 205, 206 (3d Cir. 2010) (citing *United States v. Sanchez*, 562 F.3d 275 (3d Cir. 2009)), *vacated by Sylvester v. United States*, 131 S. Ct. 3090 (2011). Sylvester filed a petition for writ of certiorari to the United States Supreme Court. Thereafter, the Supreme Court decided *Freeman v. United States*, 131 S. Ct. 2685 (2011) (plurality), which held that a defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is not categorically barred from a sentence reduction under § 3582(c)(2). Consequently, the Supreme Court granted Sylvester's petition, vacated our judgment, and remanded the case for further consideration in light of *Freeman*. *Sylvester*, 131 S. Ct. 3090 (2011). We then remanded the case to the District Court.

After that remand, on November 1, 2011, Sylvester not only pursued a sentence reduction under Amendment 706 but also filed a second motion to reduce his sentence based upon another amendment to the guidelines, Amendment 750, which provided retroactively for further reductions in the guidelines imprisonment ranges for certain defendants convicted of crack related offenses.[5] *See* U.S.S.G. app. C, amend. 750.

On March 15, 2012, the District Court denied both the remanded motion under Amendment 706 and the newly filed motion under Amendment 750. The Court explained that under *Freeman*, although there was no longer a categorical bar to relief under § 3582(c)(2) for defendants with Rule 11(c)(1)(C) agreements, Sylvester's sentence was not based on an amended guidelines range, which is required for a sentence

---

[5] Under Amendment 750, Sylvester's guidelines range became 188 to 235 months' imprisonment.

reduction under § 3582(c)(2), because he was sentenced pursuant to a statutory maximum sentence. The Court explained that under Justice Sotomayor's concurrence in *Freeman*,[6] a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement would only be eligible for relief under § 3582(c)(2) in two circumstances: (1) when "the parties agree that a specific Guideline range is the appropriate disposition of the case and the court sentences the defendant according to that range," or (2) when "the plea agreement provides a specific term of imprisonment – such as a number of months – [and] make[s] clear that the basis for the specified term is a guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." (App. at 7 (alteration in original) (internal quotation marks omitted).) In light of those exceptions, the District Court stated that "Sylvester's term of imprisonment was not explicitly based on the guidelines or any particular guideline range." (App. at 9.) Thus, in the Court's view, Sylvester's sentence was not within the ambit of Justice Sotomayor's exceptions in *Freeman*. Accordingly, the District Court denied Sylvester's motions.

Sylvester timely appealed.

---

[6] *Freeman* was a plurality opinion with five justices concurring in the judgment. Four justices joined Justice Kennedy's plurality opinion and four justices dissented. Justice Sotomayor, though she concurred with the plurality in the judgment, wrote a separate concurrence. We have recently held that Justice Sotomayor's concurrence, as the narrowest grounds in the majority judgment, expressed the holding of the Court. *See United States v. Thompson*, 682 F.3d 285, 290 (3d Cir. 2012).

## II.   Discussion[7]

Under 18 U.S.C. § 3582(c), courts are typically prohibited from modifying terms of imprisonment once they are imposed.  An exception exists, however, for "defendant[s] who ha[ve] been sentenced … based on a sentencing range that has subsequently been lowered by the Sentencing Commission … ." *Id.* § 3582(c)(2).  The parties agree that both Amendment 706 and Amendment 750 would have the effect of lowering Sylvester's calculated guidelines range.   The parties diverge, however, on whether Sylvester's sentence pursuant to his Rule 11(c)(1)(C) plea agreement was "based on" a range that was lowered.

In *Freeman*, Justice Sotomayor concluded that, in general, defendants that enter into Rule 11(c)(1)(C) plea agreements are barred from future sentence reductions because sentences under Rule 11(c)(1)(C) pleas are based on the agreement and not on the guidelines.  *See Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring in judgment) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.  In short, the term of imprisonment imposed pursuant to a (C) agreement is, for purposes of § 3582(c)(2), 'based on' the agreement itself.").  As previously noted, however, she recognized two exceptions to that general rule: "(1) where the plea agreement itself 'call[s] for the defendant to be sentenced within a particular Guidelines sentencing

---

[7] The District Court had jurisdiction to review the § 3582(c)(2) motions pursuant to 18 U.S.C. § 3231.  We have jurisdiction on appeal under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's interpretation of the law. *United States v. Doe*, 564 F.3d 305, 307 n.2 (3d Cir. 2009).

range,' or (2) where it makes clear that 'the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty.'" *United States v. Thompson*, 682 F.3d 285, 289 (3d Cir. 2012) (quoting *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring in judgment)) (alteration in original). And she concluded that Freeman's sentence was based on an amended guidelines range because his plea agreement included a calculation of his guidelines range and agreed to a sentence at the bottom of that range.

The parties agree, as do we, *see supra* note 6, that Justice Sotomayor's *Freeman* analysis, with its allowance for two exceptions to the general bar on sentence reductions for Rule 11(c)(1)(C) pleas, controls this case. Sylvester claims that he satisfies *Freeman* even though his sentence for violating 21 U.S.C. § 841(a)(1) was the statutory maximum sentence of 240 months' imprisonment. He argues that because the statutory maximum sentence was below his calculated guidelines range of 292 to 365 months, the statutory maximum sentence became his guidelines range by operation of § 5G1.1(a) of the guidelines. And, he says, because his 240-month sentence was thus his guidelines range, he meets Justice Sotomayor's first exception from *Freeman*. He also argues that his sentence of a specific time of imprisonment was based on the guidelines because the plea agreement sets forth his criminal history category and base offense level. Thus, as he sees it, his sentence meets Justice Sotomayor's second *Freeman* exception as well.

The Government disagrees. It argues that, although the plea agreement did refer to the guidelines, Sylvester's sentence was not within a particular guidelines range. Rather, the plea agreement stated, and the parties and the District Court understood, that

9

Sylvester's sentence was the statutory maximum sentence of 240 months' imprisonment. The Government further argues that the plea agreement represented a significant reduction in Sylvester's possible sentence, as without the agreement, he faced a mandatory minimum sentence of life imprisonment. Lastly, the Government argues that although the plea agreement did refer to Sylvester's guidelines range of 292 to 365 months' imprisonment, that referral was insufficient to meet the *Freeman* exceptions.[8]

A. *Whether the Plea Agreement Called for Sylvester to be Sentenced Within a Particular Guidelines Range*

In determining whether his sentence meets either *Freeman* exception, we "necessarily look to the agreement itself." *Freeman*, 131 S. Ct. at 2698 n.2 (Sotomayor, J., concurring in judgment). The plea agreement states that Sylvester's total maximum sentence for violating 21 U.S.C. § 841(a)(1) is 20 years' imprisonment. The agreement also says that "if the Court accepts this plea agreement, the defendant's sentence will, in fact, include a sentence of imprisonment of 20 years." (App. at 33.) It thus seems clear that Sylvester's sentence did not meet *Freeman*'s first exception, which requires that he have been sentenced within an agreed upon guidelines range. The plea agreement, by its terms, shows that the sentence was not based on the guidelines but was in fact based on the statutory maximum sentence for the crime to which he pleaded guilty. (*See* App. at

---

[8] The Government also argues that we can affirm the District Court's order because "[t]he Supreme Court in *Freeman* made clear that a district court has discretion to hold a defendant to the terms of his Rule 11(c)(1)(C) plea bargain. (Appellee's Br. at 23 (citing *Freeman*, 131 S. Ct. at 2699 (Sotomayor, J., concurring).) We will not address that argument because the District Court never considered whether, in its discretion, it would hold Sylvester to the terms of his Rule 11(c)(1)(C) agreement. It only concluded that he was ineligible for a reduction under *Freeman*.

33 (providing that Sylvester's sentence is controlled by the statutory maximum of 20 years' imprisonment, and that the parties agree his sentence is to include "a sentence of imprisonment of 20 years").)

Nevertheless, Sylvester contends that, by operation of guidelines § 5G1.1(a), his statutory maximum sentence became his guidelines range because that maximum sentence was below his calculated range. Specifically, he reasons that § 5G1.1(a) operates to transform a statutory maximum sentence into a guidelines range because, he says, it provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence *shall be the guidelines range.*" (Appellant's Opening Br. at 16.)[9] And, he continues, that transformation from statutory sentence to "guidelines range" brings his sentence within the first *Freeman* exception because he was thereby sentenced within a guidelines range. (*Id.*)

That is unpersuasive for several reasons. First, the plea agreement did not say that his 240-month sentence was his guidelines range under § 5G1.1(a).[10] To the contrary, it

---

[9] When making that argument, Sylvester quotes U.S.S.G. § 5G1.1(a). But, in fact, he misquotes that section. Section 5G1.1(a) does not make a statutory maximum sentence a guidelines range, but makes it a "guideline sentence." U.S.S.G. § 5G1.1(a).

[10] To be sure, the District Court alluded to § 5G1.1(a)'s operation during the sentencing hearing. (*See* App. at 50 (explaining that 240 months' imprisonment was the appropriate sentence because "the maximum prison term is below the minimum number of months in the guideline range"); *id.* at 54-55 ("The sentence I have imposed is within the guideline range. That range does not exceed 24[0] months … ."). But, under Justice Sotomayor's exceptions, statements outside of the plea agreement are, for purposes of § 3582(c)(2) eligibility, less instructive than the agreement itself. *See Freeman*, 131 S. Ct. at 2698 n.2 (Sotomayor, J., concurring in judgment) ("[T]o determine whether a sentence

11

states that his sentence was the statutory maximum sentence. Second, the purposes behind § 5G1.1(a) are, it appears, to ensure that the Sentencing Commission fulfills its statutory directive that a guidelines sentence does not conflict with a statutory sentence, *see* 28 U.S.C. § 994(a), (b)(1), and to permit departures from statutory maximum sentences. Indeed, without § 5G1.1(a), a district court could not depart from a statutory maximum sentence because departures are textually limited to departing from the guidelines. *See, e.g.*, U.S.S.G. § 5K1.1 (providing that a departure for substantial assistance is from a guidelines range). Sylvester points to no authority that § 5G1.1(a) transforms a statutory maximum sentence into a guidelines range for purposes of other sentence reductions.[11] The precedential authority that Sylvester does cite discusses how § 5G1.1 operates to make a statutory maximum or minimum sentence the guideline sentence in the context of a § 5K1.1 departure. That authority fails to support his argument. To understand § 5G1.1 otherwise would make Justice Sotomayor's analytical

---

imposed pursuant to a (C) agreement was 'based on' a Guidelines sentencing range, the reviewing court must necessarily look to the agreement itself."); *id.* at 2699 n.8 (providing that a plea agreement's sentencing range controls even if a district court calculates a guidelines range differently than the parties); *see also United States v. Dixon*, 687 F.3d 356, 361 (7th Cir. 2012) (explaining that Justice Sotomayor's controlling opinion in *Freeman* addressed parol evidence and "rejected reliance on the parties' negotiations and oral explanations beyond the scope of the written agreement itself").

[11] Moreover, as already noted, *supra* n.9, Sylvester is mistaken that § 5G1.1(a) transforms a statutory maximum sentence into a guidelines range. It transforms that sentence into a "guideline *sentence*," not a range. U.S.S.G. § 5G1.1(a) (emphasis added). Therefore, the plain text of § 5G1.1(a) arguably removes Sylvester's sentence from the ambit of the first *Freeman* exception.

12

approach impossible because every statutory maximum would be a "guidelines sentence" and there would thus be no basis for a sentence other than the guidelines.[12]

Even assuming, *arguendo*, that § 5G1.1(a) does have Sylvester's desired transformative effect on his statutory sentence for purposes of the first *Freeman* exception, he is still not eligible for a sentence reduction. Section 3582(c)(2) requires not only that a sentence be based on a guidelines range, but that the range must have been subsequently amended. *See* 18 U.S.C. § 3582(c)(2) (providing that a sentence reduction must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(2) (excluding from coverage under § 3582(c)(2) a guidelines amendment that does not lower a defendant's applicable guidelines range); *id.* § 1B1.10 cmt. 1(A) (explaining that reduction of sentence is not allowed when an otherwise applicable amendment does not lower a defendant's guidelines range because of "operation of another guideline or statutory provision"). The statutory maximum sentence for violating 21 U.S.C. § 841(a) has not changed since Sylvester's plea agreement. Thus, even accepting Sylvester's argument that § 5G1.1(a) transformed his statutory sentence into a guidelines range, Amendments 706 and 750 did not alter that range.

---

[12] To the extent there may be some other bases for a sentence besides either a statute or the guidelines, none have been suggested, and none are immediately apparent to us.

13

B.     *Whether the Plea Agreement Makes Clear that the Guidelines Were the Basis for Sylvester's Specified Term of Imprisonment*

Sylvester's plea agreement also fails to meet the second *Freeman* exception. *Freeman* itself was illustrative of what is required to meet that exception. There, the defendant's plea agreement provided that his sentence would be 106 months' imprisonment for pleading guilty to "various crimes, including possessing with intent to distribute cocaine base." 131 S. Ct. at 2691. It stated that Freeman "agrees to have his sentence determined pursuant to the Sentencing Guidelines." *Id.* at 2699 (internal quotation marks omitted). The agreement specifically set Freeman's offense level at 19 and "state[d] that the parties anticipate[d] a criminal history category at IV." *Id.* As Justice Sotomayor pointed out, the corresponding guidelines range was 46 to 57 months. Freeman's 106-month prison term was the total of a 60-month mandatory minimum sentence for possessing a firearm in furtherance of a drug trafficking crime and a 46-month term for his drug offenses. Thus, in Justice Sotomayor's view, Freeman's sentence was based on the guidelines range because he received the minimum sentence under his range, 46 months, in addition to his required statutory minimum for the firearm offense.

In this case, the plea agreement does not provide that Sylvester's agreed-to sentence was based on his calculated guidelines range; it only states that he is being sentenced to the maximum allowed under the statute which he pleaded guilty to violating. It is true that the plea agreement does refer to the guidelines. Specifically, it stipulates that the Government will recommend a three-level reduction for early acceptance of

14

responsibility, that Sylvester will be classified as a "career offender," and that 1.5 kilograms of crack are attributable to him for purposes of sentencing. Given those stipulations, the plea agreement provides that Sylvester's criminal history category will be based on his career offender status, and that his base offense level for the 1.5 kilograms of crack distribution will be 38. Thus, Sylvester's guidelines range is readily calculable from his plea agreement. But, under *Freeman*, mere reference to the guidelines in the plea agreement does not mean that a sentence is based on the guidelines. Indeed, "in most cases the Government and the defendant will negotiate the term of imprisonment in a (C) agreement by reference to the applicable Guidelines provisions." *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring in judgment); *see also id.* ("[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject.").

Although in this case the plea agreement does set forth both Sylvester's offense level and criminal history category, it does not provide that he will be sentenced pursuant to the guidelines. Nor is his sentence based on those guidelines in the way that Freeman's sentence was. Instead, the plea agreement explicitly states that his sentence is based on the statutory maximum. The guidelines provide context to that sentence, and nothing more.

Accordingly, the District Court did not err in concluding that Sylvester was ineligible for a sentence reduction.

**III.    Conclusion**

For the foregoing reasons, we will affirm the order of the District Court denying Sylvester's motions for his sentence to be reduced.