**NOT RECOMMENDED FOR PUBLICATION**
**File Name:  16a0563n.06**

**No. 16-1029**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 05, 2016 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ROLAND LEE ANDERSON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GRIFFIN, WHITE, and DONALD, Circuit Judges.

GRIFFIN, Circuit Judge.

This case presents a narrow question:  whether defendant's ten-year statutory maximum sentence—a product of a Rule 11(c)(1)(C) plea agreement—was "based on" a sentencing range that the United States Sentencing Commission has subsequently lowered so that the district court could modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court held that it was not and denied defendant's motion to modify his sentence.  We agree and therefore affirm.

I.

A grand jury indicted Roland Anderson with three counts of drug trafficking (benzylpiperazine, ecstasy, and marijuana) and two counts of being a felon in possession of a firearm.  Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Anderson pleaded guilty to one count of distribution of marijuana in violation of 21 U.S.C.

§ 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In exchange, the government agreed to dismiss the remaining charges. Anderson agreed that had he been convicted of the two other drug distribution charges, his Guidelines range "would have been 188 to 235 months (with a statutory maximum term of imprisonment of 30 years)."

The plea agreement discussed the parties' stipulation as to Anderson's Guidelines range: "[t]here are no sentencing guideline disputes" and "defendant's guideline range is 100-120 months, as set forth on the attached worksheets." The worksheets reflect the parties' calculations that defendant's total offense level was 24 and his criminal history category was IV (but then adjusted upward to VI because he was a career offender). Importantly, the worksheets show the parties agreed defendant's felon in possession count generated the higher of the offense levels between the two counts: 26 for that count as compared to 18 for the marijuana distribution count. The parties grouped the two counts together for a combined adjusted offense level of 27 and applied a three-point adjustment for acceptance of responsibility, resulting in a total offense level of 24. The sentencing table produced a 100-to-125 months Guidelines range, and the upper bound was reduced to 120 months as both counts had 120-month statutory maximums.

While the plea agreement acknowledged that the district court would "impose a sentence pursuant to 18 U.S.C. § 3553, and in so doing must consider the sentencing guideline range," it expressly stated the parties agreed to a specified term of imprisonment—the statutory maximum of 120 months:

> **However, pursuant to this plea agreement between the government and defendant, the parties specifically request that the Court impose a sentence of 120 months (10 years), the statutory maximum**. . . . Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the parties agree that a sentence of **one hundred twenty months (10 years)** is an appropriate disposition of this case and

that the Court can and should sentence the defendant at the top of the [agreed upon] advisory guideline range . . . and sentence the defendant to the statutory maximum term of imprisonment of 120 months (10 years).

At sentencing, the district court considered the probation officer's presentence report, which calculated Anderson's total offense level differently. Specifically, the probation officer found that the parties under-calculated defendant's attributable drug quantities under U.S.S.G. § 2D1.1(c)(7), which upon correction resulted in a base offense level for his marijuana distribution count of 26 (not 18 as calculated by the parties). She also concluded Anderson's felon in possession count embodied conduct treatable as a specific offense characteristic to his marijuana distribution count under U.S.S.G. § 3D1.2(c), thus adding two levels and resulting in an adjusted offense level of 28. Upon application of a three-point reduction for acceptance of responsibility, the probation officer concluded defendant's total offense level was 25. This resulted in the higher Guidelines range of 110-to-137 months (again, capped at the 120-month statutory maximum). The district court accepted the probation officer's report without change and without objection. It then followed the plea agreement and sentenced defendant to 120 months' imprisonment.

Following the Sentencing Commission's subsequent reduction of U.S.S.G. § 2D1.1's drug quantity table with Amendment 782, Anderson moved to reduce his sentence pursuant to 18 U.S.C. § 3582. The district court denied the motion, reasoning the plea agreement unambiguously required a 120-month sentence:

> [T]he Rule 11 Agreement is not ambiguous. I think it's very, very clear. . . . It was an agreement between the parties, and the parties knew and certainly could contemplate that if he didn't [enter into a plea agreement] and went to trial, or didn't agree that it was going to be a substantially larger guideline range[,] . . . the question is whether or not he's bound by the Rule 11 and the 10-year minimum mandatory. I think he is. I think that was the agreement, that was what was contemplated, that was the plea arrangement that he accepted and that the

> Government offered. And for those reasons, the Court believes that it should be the 10 years and, therefore, the Court will deny the motion.

Defendant appeals, arguing his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" under 18 U.S.C. § 3582(c)(2), and therefore he is eligible for a reduction in his sentence.

## II.

18 U.S.C. § 3582(c)(2) provides a district court with limited authority to reduce a prisoner's sentence:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although we ordinarily review a district court's denial of a § 3582(c)(2) motion for abuse of discretion, when a district court, as here, concludes it "'lacks the authority to reduce a defendant's sentence under the statute,' our review is de novo." *United States v. McNeese*, 819 F.3d 922, 925 (6th Cir. 2016) (quoting *United States v. Payton*, 617 F.3d 911, 912–13 (6th Cir. 2012)).

## III.

We have held that Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522, 534 (2011), "provid[es] the framework that governs the inquiry into whether a defendant sentenced pursuant to a Rule 11(c)(1) agreement qualifies for § 3582(c)(2) relief."

*McNeese*, 819 F.3d at 927 (collecting authorities).[1]  In Justice Sotomayor's view, "whether a particular term of imprisonment is 'based on' a Guidelines sentencing range" depends upon "whether that range serves as the basis or foundation for the term of imprisonment."  564 U.S. at 535 (Sotomayor, J., concurring).  She stressed that sentencing pursuant to a Rule 11(c) plea agreement is "different" from sentencing in the normal course—if the court accepts the plea agreement, "the court may only impose the term of imprisonment the agreement calls for."  *Id.* In this context, therefore, Justice Sotomayor concluded, "it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced. . . . *The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.*  In short, the term of imprisonment imposed pursuant to a (C) agreement is, for purposes of § 3582(c)(2), 'based on' the agreement itself."  *Id.* at 535–36 (emphasis added).

Under Justice Sotomayor's controlling opinion, a prisoner is eligible for § 3582(c) relief upon application of a "basic syllogism:  if the sentence is based on a plea agreement, and the plea agreement relies on a given sentencing range, then the sentence is based on that range."  *United States v. Garrett*, 758 F.3d 749, 755 (6th Cir. 2014).  "Put differently, the question is whether [a defendant]'s original sentence would have been different had the guideline, as amended, been in

---

[1]There is a developing circuit split on whether Justice Sotomayor's concurring opinion is controlling under *Marks v. United States*, 430 U.S. 188 (1977).  Most recently, for example, the Ninth Circuit agreed with the D.C. Circuit's opinion in *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013), and held that there is no binding opinion in *Freeman*.  *See United States v. Davis*, 825 F.3d 1014, 1022–26 & n.11 (9th Cir. 2016) (en banc) (distinguishing cases from other circuits, including our own in *United States v. Smith*, 658 F.3d 608 (6th Cir. 2011)).  Here, the parties agree Justice Sotomayor's concurring opinion governs, and even if they did not, it is well-established that a panel of this court may not overrule a prior published decision absent en banc review or an intervening and binding change in the state of the law.  *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1095 (6th Cir. 2010).

place at the time he was originally sentenced." *Id.* at 754. Justice Sotomayor's concurrence provides two scenarios in which this is true.

First, if the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range, . . . the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Freeman*, 564 S. Ct. at 538 (Sotomayor, J., concurring). Second, "a plea agreement might provide for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." *Id.* at 539.

Given that his plea agreement called not for a sentence within a particular range, but rather for a specified term, Anderson contains his argument to Justice Sotomayor's second scenario. He notes, for example, that "the text of the agreement itself and the attached guidelines worksheet make clear that the parties calculated an applicable range of 100 to 120 months, based on [the drug quantity table in] § 2D1.1, and anticipated that Anderson would be sentenced within that range to 120 months." Anderson thus concludes this case is analogous to our decision in *Smith*, where the parties also attached a Guidelines worksheet reflecting the parties' Guidelines agreement (168 to 210 months), and stipulated to a specific term of imprisonment within those Guidelines (180 months). 658 F.3d at 610. Under those circumstances, we had

> little hesitation in concluding that the plea agreement in this case is 'based on' the Sentencing Guidelines. . . . It is doubtful that the parties selected 180 months based on some intuitive sense that this term of imprisonment would be an

appropriate disposition of the case. Rather, a more reasonable assessment is that this sentence, which is slightly above the bottom of the range, represent[ed] a trade-off between Smith's minor criminal history and the seriousness of the drug trafficking conspiracy, with the nature of the offense receiving more weight in the parties' agreement.

*Id.* at 613.

The government contends *Smith* is distinguishable. For one, "a plea agreement must '*make clear*' that the basis for the specified term is the referenced Guidelines sentencing range." *McNeese*, 819 F.3d at 929 (quoting *Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring)) (brackets omitted). Put differently, there must be a connection between the Guidelines range and the sentence: "a defendant's sentence is 'based on' a guideline range only when that guideline range is explicitly referenced in a plea agreement and *expressly relied upon* to determine a defendant's sentence." *United States v. Riley*, 726 F.3d 756, 760 (6th Cir. 2013) (emphasis added). Whether Anderson has established such a link is debatable. After all, a statutory maximum remains the same even if Amendment 782 reduces the upper bound of a Guidelines range. Moreover, the mere reference to a Guidelines range in a plea agreement is never enough to qualify for a reduced sentence as we expect the government and a defendant to negotiate plea agreements "in the shadow of the sentencing scheme." *Freeman*, 564 U.S. at 537 (Sotomayor, J., concurring). And one of our sister circuits has expressly rejected such a link. *See United States v. Sylvester*, 510 F. App'x 137, 144–46 (3d Cir. 2013); *see also United States v. Bogdan*, — F.3d —, No. 15-2990, 2016 WL 4524494, at *3 (8th Cir. Aug. 30, 2016) (stating in dicta that "[t]he more logical interpretation would be that the (C) agreement was based on the mandatory minimum, not on a guidelines range"). But we need not answer this debate as the facts dictate a more narrow outcome.

Justice Sotomayor's controlling opinion mandates that courts focus on the language of the plea agreement to determine a defendant's eligibility for a sentence modification: "When a (C) agreement explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment, the agreement itself demonstrates the parties' intent that the imposed term of imprisonment will be based on that range, as required for sentence reduction under the statute." *Freeman*, 564 U.S. at 540 (Sotomayor, J., concurring). Even assuming the parties' agreement as to the maximum statutory sentence could be construed as being "based on" a Guidelines sentencing range, the plea agreement here "makes clear" the agreed upon sentence was based upon defendant's firearm conviction, not his marijuana distribution conviction. The worksheets incorporated into the plea agreement reflect the parties' conclusion that Anderson's highest offense level conviction—and thus the one driving his combined adjusted offense level of 27 and total offense level of 24—was his felon in possession conviction. Stated in the converse, the worksheets incorporated into Anderson's plea agreement shows § 2D1.1's drug quantity table played no role in the parties' Guidelines calculations. Given that Anderson's plea agreement "makes clear" that his agreed-upon sentence was "based on" a sentencing range that has not been subsequently lowered by the Sentencing Commission, the district court correctly determined it could not modify Anderson's sentence. *See, e.g.*, *Riley*, 726 F.3d at 760–61.

IV.

For these reasons, we affirm the district court.