NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0601n.06

No. 15-2310

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 10, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CARL GEORGE, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     MERRITT, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge. Defendant George specifically agreed to 120 month's imprisonment in a Criminal Procedure Rule 11(c)(1)(C) plea agreement that explicitly calculated the applicable Sentencing Guideline range of 110-137 months. He now seeks resentencing based on a Sentencing Guideline amendment that would reduce the range. Under the holding of *Freeman v. United States*, 564 US. 522, 539 (2011) (Sotomayor, J., concurring), resentencing is permitted in a Rule 11(c)(1)(C) case only where the plea agreement "make[s] clear" that the sentence was "based on" the Guideline range. Statements in the record indicate that the George's 120-month sentence was not actually based on the Guideline range. However, our binding published reading of *Freeman* in *United States v. Smith*, 658 F.3d 608 (6th Cir. 2011), precludes reference to those statements. Looking solely to the content of the plea agreement requires a remand on the facts of this case.

In 2009, ATF agents arrested Carl George for possession of marijuana in his vehicle. The agents then searched a house in Detroit where George was living, where they found 471 grams of marijuana, 186 tablets of OxyContin, 79 tablets of Xanax, and a loaded .38 caliber revolver. George was 46 at the time of his arrest, and had a long prior criminal history, including convictions for armed robbery, vehicle theft, possession of a firearm as a felon, and conspiracy to distribute narcotics.

George faced substantial criminal liability for possession of the revolver. If charged and convicted of possessing a firearm as an Armed Career Criminal under 18 U.S.C. § 924(e), George faced a 15-year mandatory minimum. If charged and convicted of possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), George faced a guideline range of 262-327 months. However, the Government agreed to charge George with only one count of possession of marijuana with intent to distribute, dropping the weapons charges. In exchange, George agreed to plead guilty to this one count.

The parties memorialized this agreement in writing under Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement contained two paragraphs that are at issue in this case. First, paragraph 2.B of the agreement set forth an "[a]greed [g]uideline [r]ange," providing that "the defendant's guideline range is 110-137 months, as set forth on the attached worksheets." Second, paragraph 3.A of the agreement set forth an agreed sentence, providing that "[i]n exchange for the Government's promise to forgo the filing of additional charges, the defendant agrees that he shall be sentenced to a period of <u>no less than 120 months</u>, the statutory maximum for the offense of Possession with Intent to Distribute Marijuana . . ."

The "attached worksheets" from paragraph 2.B apply the Guidelines to calculate a specific range for George: First, George received a base offense level of 28, which included 26

points for the possession of at least 100 kg but less than 400 kg of marijuana, as well as 2 additional points for the possession of a dangerous weapon. The OxyContin pills also found in George's possession were included in this base offense: specifically, the oxycodone—the controlled substance within OxyContin pills—was converted into marijuana equivalency and included in the amount of marijuana George pleaded guilty to possessing. *Id.* Second, George received a 3-point reduction for admission of responsibility, bringing him to a total offense level of 25. Third, George's past convictions and commission of the instant offense while serving a prior sentence produced a criminal history category of VI. All of these considerations together produced a Guidelines range of 110-137 months.

However, before George's sentencing hearing, his attorney realized that the parties had made a mistake in the attached worksheets. The parties had miscalculated the marijuana equivalency of the oxycodone, using the gross weight of the OxyContin pills rather than the weight of the actual oxycodone within the pills. The correct calculation could have reduced George's total offense level from 25 to 23, which would have reduced his Guideline range to 92-115 months, see U.S.S.G. ch. 5, pt. A (2009). George's counsel raised the issue on the record, but also made clear that this mistake should not affect George's plea bargain. In a sentencing memorandum, she wrote that "even if it provides for a sentence slightly above the correct sentencing Guidelines, [this agreement] still gives [George] the considerable benefit of avoiding a Felon in Possession conviction with an Armed Career Criminal sentencing enhancement, thereby saving him at least five additional years in custody." At the sentencing hearing, she added that "we bargained for a sentence here, not for a Guideline range." The district court noted that the recommended sentence of 120 months was within the Guidelines range and proceeded to sentence George accordingly.

In 2014, the U.S. Sentencing Commission issued Amendment 728, which reduced the base offense level for every drug in the Guidelines' sentencing table by two levels. *See* U.S.S.G., Vol. 3, Amendment 782 (2014). Accordingly, in 2015, George moved to reduce his sentence in light of Amendment 728 to the Guidelines. According to George, Amendment 782 had reduced his total offense level from 25 to 23, which would produce a guideline range of 92-115 months, *see* Guidelines ch. 5, pt. A (2015), rather than the agreed guideline range of 110-137 months from his plea agreement. George therefore argued that he should be resentenced within the new range. However, the district court denied George's motion. The court held that it lacked authority to grant George's motion because his Rule 11(c)(1)(C) plea agreement was not "based on" the Guidelines. The court referred to paragraph 3.A of George's plea agreement, which provided that George should be sentenced to " a period of <u>no less than 120 months</u>, the statutory maximum for [George's] offense. " The court reasoned that this provision made no reference to a Guidelines range and instead indicated that George's term of imprisonment was based on the statutory maximum for the offense. The court also referred to the language from George's sentencing memorandum that the agreement provided George with a "considerable benefit" even if above the proper Guidelines range. Finally, the court noted George's counsel's statements at the sentencing hearing that the parties "bargained for a sentence here, not for a guideline range." The court therefore denied George's motion. George now appeals.

George's plea agreement makes clear that it was "based on" the Guidelines, such that George is eligible to be considered for a sentence reduction in light of Amendment 782. Whether George's Rule 11(c)(1)(C) agreement is "based on" the Guidelines is governed by Justice Sotomayor's concurrence in *Freeman*, which is the narrowest grounds for the Court's decision and therefore represents the Court's holding in that case. *United States v. Smith*, 658

F.3d 608, 611 (6th Cir.2011) (interpreting *Freeman v. United States*, 564 U.S. 522, 534-543 (2011) (Sotomayor, J., concurring)). Under Justice Sotomayor's concurrence, an agreement is "based on" the Guidelines when it "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." *Freeman*, 564 U.S. at 534. This can occur when a plea agreement "provide[s] for a specific term of imprisonment—such as a number of months—but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 539.

In interpreting these words from Justice Sotomayor's concurrence, we have held agreements to be based on the Guidelines when they explicitly state an agreed guideline range and attach worksheets calculating the guideline range. *United States v. Garrett*, 758 F.3d 749, 755 (6th Cir. 2014); *Smith*, 658 F.3d at 612 (6th Cir. 2016). In particular, the facts in this case are indistinguishable from the facts in this court's published decision in *Smith*. In this case and in *Smith*, the plea agreement explicitly states a Guidelines range calculated on attached worksheets, but there was evidence from outside the four corners of the plea agreement that the sentence was not based on the Guidelines.

We held in *Smith* that an explicit Guidelines range based on attached worksheets showed that the agreement was "based on" the Guidelines within the meaning of Justice Sotomayor's concurrence in *Freeman*. In *Smith*, the parties agreed to a specific Guidelines range, which was calculated on worksheets attached to the agreement. 658 F.3d at 613. The controlling provision by which the defendant agreed to a sentence did not mention this guideline range, although the agreed-upon sentence was within the range. *Id.* We held that this was enough for the sentence to be based on the Guidelines. *Id.* Like the circumstances in *Smith*, George and the Government agreed to a specific guideline range of 110-137, which was explicitly set forth in paragraph 2.A

of the agreement and was calculated on attached worksheets. Furthermore, the controlling provision in paragraph 3.A, in which George agreed to a sentence of 120 months, did not mention the guideline range, although 120 months is within the range of 110-137 months.

We also held in *Smith* that evidence from outside the four corners of the Rule 11(c)(1)(C) plea agreement was not relevant in determining whether the agreement was based on the Guidelines. 658 F.3d at 612-13; *see also United States v. McNeese*, 819 F.3d 922, 928 (6th Cir. 2016); *Garrett*, 758 F.3d at 755. In *Smith*, counsel for the defendant wrote in a sentencing motion that "the plea agreement . . . was not based on the Guidelines." 658 F.3d at 612. Though material and probative, this admission was outside the four corners of the plea agreement, and the Smith court declined to consider it. *Id.* Our reasoning relied on Justice Sotomayor's controlling concurrence in *Freeman*, in which the Justice warned against "a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it." *Smith*, 658 F.3d at 612 (quoting *Freeman*, 564 U.S. at 538 (Sotomayor, J., concurring)). Like the defense counsel's admission in *Smith*, the statements by George's counsel that "we bargained for a sentence here, not for a guideline range" tend to show that the agreement was not based on the Guidelines. Nevertheless, as in *Smith*, this evidence is outside the four corners of the agreement.

For its part, the Government cites several cases where it was apparent that the Guidelines were considered in negotiating the plea agreement, but the court nevertheless held that the agreement was not based on the Guidelines. *See McNeese*, 819 F.3d at 928; U*nited States v. Riley*, 726 F.3d 756, 760 (6th Cir. 2013); *United States v. Duvall*, 705 F.3d 479, 484 (D.C. Cir. 2013); *United States v. Sylvester*, 510 F. App'x 137, 145 (3d Cir. 2013); U*nited States v. Weatherspoon*, 696 F.3d 416, 423 (3d Cir. 2012). However, none of these cases involved an

agreement that explicitly set forth an agreed guideline range, so the cases are all distinguishable from George's case. For example, in *Sylvester*, which is perhaps the most similar of the Government's cases, the defendant's guideline range was "readily calculable" from the information provided in the plea agreement. 510 F. App'x at 144. But calculable is not the same as actually calculated and set forth in the agreement.

The Government points to the paragraph 3.A of George's plea agreement, which provides that: "In exchange for the government's promise to forgo the filing of additional charges, the defendant agrees that he shall be sentenced to a period of <u>no less than 120 months</u>, the statutory maximum for the offense of Possession with Intent to Distribute Marijuana . . ." According to the Government, this language shows that George's sentence is based on the statutory maximum for the offense to which he plead guilty, and not the Guidelines.

However, this language does not by its terms say that George agrees he shall "be sentenced to a period of no less than 120 months, *because it is* the statutory maximum for his offense." Instead, the apposition "the statutory maximum for [George's] offense" conveys that George shall "be sentenced to a period of no less than 120 months, *which is also* the statutory maximum for his offense." Even if the language in paragraph 3.A is ambiguous, the "statutory maximum" language is not enough to counter the unambiguous "[a]greed [g]uideline [r]ange" of 110-137 months set forth in paragraph 2.B of the same agreement. Therefore, this language is not enough to distinguish this case from *Smith*.

Because his plea agreement is based on the Guidelines, George is not categorically ineligible for a sentence reduction. We reverse the judgment of the district court and remand to the district court for consideration as to whether a reduction of George's sentence is otherwise warranted.