RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0275p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

     *v.*

CORNELL SMITH,

        *Defendant-Appellant.*

No. 09-2575

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-80857-002—Lawrence P. Zatkoff, District Judge.

Decided and Filed: September 27, 2011

Before: MOORE and COLE, Circuit Judges; BECKWITH, Senior District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** Andrew N. Wise, Bradley R. Hall, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Margaret Marie Smith, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

      BECKWITH, Senior District Judge. Defendant-Appellant Cornell Smith appeals the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon examination of the record and the briefs submitted by the parties, the panel agrees unanimously that oral argument is not needed. Fed. R. App. P.

---

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

34(a)(2)(C).  For the reasons that follow, we vacate the district court's order and remand the case for further proceedings consistent with this opinion.

## I. PROCEDURAL HISTORY

After he was indicted for conspiring to possess with intent to distribute over 1 kilogram of cocaine base and over 100 grams of powder cocaine, Smith entered into a plea agreement with the government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure which stipulated that 180 months of imprisonment was an appropriate disposition of the case.  The parties attached to the plea agreement a Sentencing Guidelines work sheet which concluded that the applicable sentencing range for Smith's offense was 168 to 210 months of imprisonment based on a final offense level of 35 and a criminal history category of I.  The presentence report, however, determined that the Sentencing Guidelines range for the offense was 210 to 262 months of imprisonment after assessing Smith a four-level enhancement for his role in the offense rather than the two-level enhancement the parties applied in their worksheet. The district judge, nevertheless, accepted the parties' plea agreement and sentenced Smith to 180 months of imprisonment as required by the Rule 11(c)(1)(C).

After the Sentencing Commission lowered the base offense levels for crack cocaine offenses and made the amendments retroactive, Smith filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on those amendments. The government opposed Smith's motion on two grounds: 1) he was not eligible for a reduction because his original sentence was based on the plea agreement and not on a Guidelines range that subsequently had been lowered by the Sentencing Commission; and 2) the district court lacked authority to reduce his sentence pursuant to *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004).  In *Peveler*, this Court held that "absent an agreement of the parties, the plain language of . . . Rule 11(c)(1)(C) . . . generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c)." *Id.* at 379.

The district court denied Smith's motion. In its order, the district court determined that the "Previous Guideline Range" was 210 to 262 months of imprisonment, i.e., the range calculated by the presentence report, and that the "Amended Guideline Range," after a two level reduction in the offense level pursuant to the amendments, was 168 to 210 months of imprisonment. In the "Additional Comments" section, the district judge wrote, "Defendant's sentence is within the Amended Guideline Range and is the exact sentence agreed upon by the parties in the Rule 11 Plea Agreement."

Smith filed a timely notice of appeal from the district court's order.

## II. STANDARD OF REVIEW

The district court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Sentence reductions pursuant to 18 U.S.C. § 3582(c)(2) involve a two-step process. First, the district court must determine whether the defendant is eligible for a sentence modification under the Sentencing Commission's policy statements and the extent of the reduction authorized. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). "The court must 'determine the amended guideline range that would have been applicable to the defendant' if the relevant amendment had been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Second, if the defendant is eligible for a reduction in sentence, the district court must consider the 18 U.S.C. § 3553(a) factors and determine, in its discretion, whether the authorized reduction is warranted under the circumstances. *Id.* We review the district court's determination of the defendant's eligibility for a sentence reduction *de novo. Id.*

We review the district court's decision whether a sentence reduction is warranted under the circumstances for an abuse of discretion.  *Id.*

### III. ANALYSIS

As Smith's brief suggests, the basis for the district court's denial of his motion for a sentence reduction is not entirely clear.  Based, however, on its statement that the "Previous Guideline Range" was 210 to 262 months of imprisonment, it appears that the district court may have determined that Smith was already the beneficiary of a below-Guidelines sentence and decided that he was not entitled to a further reduction because the sentence he had bargained for was within the applicable range after application of the crack cocaine amendments.  Whether the district court was also concluding that Smith is ineligible for a sentence reduction because of the plea agreement is uncertain.

In his brief, Smith stated that the question presented on appeal is "Whether a sentence imposed pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) is categorically ineligible for sentence modification proceedings pursuant to 18 U.S.C. § 3582(c)."  Smith urged us to overrule *Peveler* as being wrongly decided.  This Court's "one panel" rule would of course have prevented us from obliging Smith's request to overrule *Peveler*. *United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000).  Fortuitously for Smith, after the parties submitted their briefs, the United States Supreme Court abrogated *Peveler*.  In *Freeman v. United States*, 131 S. Ct. 2685 (2011), a plurality of the Court held that a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible to seek a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a reduction in the Sentencing Guidelines range.  *Id.* at 2695 (Kennedy, J.); *id.* (Sotomayor, J., concurring).  Justice Sotomayor's opinion is the narrowest ground for the Court's decision and thus represents the Court's holding in *Freeman*. *See United States v. Taylor*, No. 08-6026, 2011 WL 3319426, at *1 (6th Cir. Aug. 3, 2011).  Thus, "if a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of

imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J, concurring).

The parties then submitted letter briefs pursuant to Fed. R. App. P. 28(j) in which they both agree that *Freeman* controls the disposition of Smith's appeal. Smith contends that he is eligible for a sentence reduction pursuant to *Freeman* because the plea agreement specifically notes the parties' agreement as to the applicable Sentencing Guidelines calculations and their agreement that 180 months of imprisonment was an appropriate disposition of the case. Smith argues that the Court should remand the case with instructions that he "is not categorically ineligible for a sentence reduction . . . and that the district court has the discretion to determine the extent to which its initial sentence was 'based upon' the Guidelines and reduce [his] sentence accordingly."

Relying on what it appears to contend was an admission by Smith's trial counsel, the government argues that the plea agreement was not "based on" the Sentencing Guidelines. In submitting objections to the probation officer's calculation of the Guidelines range, Smith's trial counsel wrote:

> Objection is made to the Presentence Report's paragraphs 33, 61, 62. The Present Report as authored is a firm commitment to the mandatory guidelines. The guidelines are dead. United States v. Booker, 125 S. Ct. 738, 739 2005; United States v. Oliver, 397 F.3d 369 (6th Cir. 2005). [sic] declared the mandatory guidelines unconstitutional. The plea agreement entered into between the United States Attorneys Office [sic] and Defense Counsel was not based on the guidelines and therefore, there is no miscalculation by the attorneys. The plea agreement reached between the attorneys and their clients was based on the fact that a 15 year maximum sentence was sufficient and in the interests of justice. The Presentence Report failed to consider the validity and worthiness of the plea agreement entered into by the parties. The plea agreement was valid and in the interests of justice. Worshiping the dead mandatory guidelines gives honor to the deceased guidelines and gives them more weight and respect than the rulings of the United States Supreme Court and the Sixth Circuit Court of Appeals. The mandatory guidelines should be left in their crypt and not brought above ground level.

Presentence Report, at A1.   The government believes that this alleged admission indicates that the parties and the district court all understood that the plea agreement is not based on the Sentencing Guidelines.

In light of *Freeman*, on *de novo* review, we conclude that the district court erred to the extent it concluded that Smith is ineligible for a sentence reduction because of the Rule 11(c)(1)(C) plea agreement.  Initially, we conclude that in determining whether the plea agreement is based on the Sentencing Guidelines, the alleged admission of Smith's trial counsel in objecting to the Presentence Report carries no weight.  In her opinion, Justice Sotomayor stated that "[a]s long as that sentencing range *is evident from the agreement itself*, for purposes of §3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range."  *Freeman*, 131 S. Ct. at 2697-98 (emphasis added).  Justice Sotomayor in fact rejected the idea that courts can consider parol evidence to ascertain whether the sentence in the plea agreement is based on the Guidelines.  *Id.* at 2697 ("I therefore cannot agree with Freeman that § 3582(c)(2) calls upon district courts to engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it.").  Consequently, trial counsel's after-the-fact statements about the basis for the plea agreement are not relevant to Smith's eligibility for a sentence reduction.

We have little hesitation in concluding that the plea agreement in this case is "based on" the Sentencing Guidelines.  The worksheet attached to the plea agreement sets forth in detail the parties' calculation of the Guidelines range applicable to Smith's offense and the sentence they ultimately agreed upon was within that range.  It is doubtful that the parties selected 180 months based on some intuitive sense that this term of imprisonment would be an appropriate disposition of the case.  Rather, a more reasonable assessment is that this sentence, which is slightly above the bottom of the range, represents a trade-off between Smith's minor criminal history and the seriousness of the drug trafficking conspiracy, with the nature of the offense receiving more weight in the parties' agreement.  That is sufficient for us to determine that the sentence the

parties selected is "based on" the Guidelines. *Compare with Freeman*, 131 S. Ct. at 2699-2700 (concluding that petitioner's 106 month sentence was "based on" the Guidelines; mandatory minimum sentence on firearms charge accounted for 60 months of sentence, remaining 46 months on drug charge accounted for by the parties' Guidelines calculation as reflected in the plea agreement)(Sotomayor, J., concurring).

We also conclude that the district court erred to the extent it concluded that Smith's "Previous Guideline Range" was 210 to 262 months of imprisonment. As already stated, this was the Sentencing Guidelines range as determined by the presentence report. The district court's Guidelines calculation, however, became irrelevant once it accepted the plea agreement. Justice Sotomayor's opinion in *Freeman* makes it clear that where the parties have entered into a Rule 11(c)(1)(C) plea agreement that is based on the Sentencing Guidelines, the applicable Guidelines range for purposes of § 3852(c) is the one provided in the plea agreement. *See Freeman*, 131 S. Ct. at 2695 ("[A] term of imprisonment imposed pursuant to a (C) agreement does not involve the court's independent calculation of the Guidelines[.]"); *see also id.* at 2696 ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.") (Sotomayor, J., concurring). Therefore, in this case, the applicable Sentencing Guidelines range for purposes of Smith's motion for a reduction in sentence is 168 to 210 months.

As we have stated, the Rule 11(c)(1)(C) plea agreement in this case is "based on" the Sentencing Guidelines. The crack cocaine amendments reduced the base offense level for Smith's offense from 36 to 34 and the final offense level, as determined in the plea agreement, from 35 to 33. Based on his criminal history category of I, Smith's sentencing range pursuant to the crack cocaine amendments is 135 to 168 months of imprisonment. Therefore, Smith's initial sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). Accordingly, Smith is eligible for a reduction in sentence pursuant to § 3582(c)(2).

### *CONCLUSION*

The district court erred in determining that Smith is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c). The district court apparently did not, however, consider whether Smith is entitled to a sentence reduction under the circumstances in light of the 18 U.S.C. § 3553(a) factors. Accordingly, the district court's order denying Smith's motion for a reduction of sentence is **VACATED** and this case is remanded for further proceedings consistent with this opinion.