In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3802

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICKY DIXON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:99-cr-00545—**John W. Darrah**, *Judge.*

ARGUED MARCH 28, 2012—DECIDED JULY 18, 2012

Before MANION, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Ricky Dixon is serving a sentence for conspiracy to distribute crack cocaine. The district court denied his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive changes to the crack cocaine sentencing guidelines. The district court held that it lacked the authority to grant Dixon the relief he sought because his sentence was based not on a sentencing range that was

subsequently lowered retroactively, but was instead based on his binding plea agreement. In light of the Supreme Court's several opinions in *Freeman v. United States,* 564 U.S. ___, 131 S. Ct. 2685 (2011), we must affirm.

Dixon pled guilty to conspiracy to possess crack cocaine with the intent to distribute it. He was sentenced in November 2001 pursuant to a binding plea agreement. (It was governed by the provision that was then codified as Federal Rule of Criminal Procedure 11(e)(1)(C) but was later moved without substantive change to Rule 11(c)(1)(C).) Dixon and the government agreed "that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons for at least fifteen but no more than twenty years." Accepting the parties' agreement, the district court sentenced Dixon to fifteen years and ten months in prison.[1]

---

[1] A binding plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). Once the court accepts the plea agreement, "such a recommendation or request binds the court." *Id*. A court considering a binding plea agreement has only three options: "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). If the court accepts the agreement, "the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4). If the court rejects it, the defendant must be advised that "the court is not required

(continued...)

Ten years later, in November 2011, Dixon filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 to the Sentencing Guidelines, and U.S.S.G. § 1B1.10. The district court denied his motion, concluding that Dixon's sentence was based on his binding plea agreement rather than on a Guideline sentencing range that had been lowered. As a result, Dixon was not legally eligible for a sentence reduction. Dixon appeals. We review *de novo* a district court's determination of whether a sentence is legally eligible for a discretionary reduction under § 3582(c)(2). See *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); accord, *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011) (even though a ruling granting or denying an eligible offender's request for a reduction under § 3582(c)(2) is reviewed for abuse of discretion, an order declaring an offender legally ineligible for a reduction is reviewed *de novo*); *United States v. Fanfan*, 558 F.3d 105, 106-07 (1st Cir. 2009) (same); *United States v. Melvin*, 556 F.3d 1190, 1191 (11th Cir. 2009) (applying *de novo* review to scope of authority).

The Sentencing Commission issued a policy statement, effective November 1, 2011, that made retroactive the terms of Amendment 748, which had lowered the offense levels for most crack cocaine offenses. U.S.S.G. § 1B1.10(c); U.S.S.G. Appx. C., Amend. 750 (Part A). The

---

[1] (...continued)

to follow the plea agreement" and must be given an opportunity to withdraw the plea. Fed. R. Crim. P. 11(c)(5)(B).

Commission's exercise of this authority triggered an exception to the general rule that sentencing courts are not authorized to modify sentences after they are imposed. The precise phrasing of the statutory exception is critical for the issue presented here: a district court may exercise this authority "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission. . . . " 18 U.S.C. § 3582(c)(2) (emphasis added). The question is whether Dixon's sentence, which was imposed pursuant to a binding plea agreement, was "based on" a subsequently reduced sentencing range or whether it was instead based on the agreement itself, distinct from the guideline range.

In *Freeman v. United States,* 564 U.S. ___, 131 S. Ct. 2685 (2011), the Supreme Court faced this question and split four to one to four. Four Justices concluded: "Even when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." *Id*. at 2695 (Kennedy, J.). For those Justices, in other words, a binding plea agreement will nearly always be based on the applicable Guidelines, so that the resulting sentence will essentially always be based on the applicable Guidelines and eligible for relief under § 3582(c)(2). Four dissenting Justices took the opposite view, concluding that a district court never has authority to grant § 3582(c)(2) relief to defendants sentenced under a binding plea agreement. Those Justices reasoned

that such a defendant's sentence is based not on a Guide-line sentencing range but on the plea agreement. 131 S. Ct. at 2700-01 (Roberts, C.J., dissenting). In a separate opinion concurring in the judgment authorizing relief to petitioner Freeman, Justice Sotomayor concluded that district courts sometimes have authority to grant § 3582(c)(2) relief to a defendant who enters a binding plea agreement, and sometimes do not, depending on the specific language of the written plea agreement. 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment).

Justice Sotomayor agreed with the dissent that a sentence imposed pursuant to a binding plea agreement is based on the agreement so that relief under § 3582(c)(2) is usually not available. The binding plea agreement is the foundation of the term of imprisonment, and "at the moment of sentencing, the court simply implements the terms of the agreement it has already accepted." *Id*. at 2696. In this view, the fact that a judge may consult the Sentencing Guidelines when deciding whether to accept a binding plea agreement is irrelevant. "[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. . . . The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations; instead . . . it is based on the binding agreement produced by those negotiations." *Id*. at 2697 (internal citations omitted).

Justice Sotomayor concluded, however, that there should be two limited exceptions to this general rule. One applied to Freeman, so she voted to grant relief in that

specific case. The first exception is when a binding plea agreement itself "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," which the court then accepts. *Id*. at 2697. In such a case, "there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id*. Under the second exception:

> a plea agreement might provide for a specific term of imprisonment — such as a number of months — but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range.

*Id*. at 2697-98. In *Freeman*, this second exception applied. Freeman's binding plea agreement expressly used the Guidelines to establish the term of imprisonment, so Justice Sotomayor concurred in the plurality's judgment that the district court had authority to reduce his sentence. See *id*. at 2699-2700.

When a majority of the justices do not agree on a single rationale for deciding a case, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977); quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.). *Marks*

is easy to apply here. Even though eight Justices disagreed with Justice Sotomayor's approach and believed it would produce arbitrary and unworkable results, see 131 S. Ct. at 2694-95 (plurality), 2703-04 (dissent), her reasoning provided the narrowest, most case-specific basis for deciding *Freeman*. Her approach therefore states the controlling law. See *United States v. Austin*, 676 F.3d 924, 927-28 (9th Cir. 2012) (applying *Marks* to treat Justice Sotomayor's concurring opinion in *Freeman* as controlling authority); *United States v. Rivera-Martínez*, 665 F.3d 344, 348 (1st Cir. 2011) (same), *petition for cert. filed* (March 19, 2012) (No. 11-10759); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011) (same); *United States v. Brown*, 653 F.3d 337, 340 n.1 (4th Cir. 2011) (same). Thus, the operative question in determining whether Dixon is eligible for a sentence reduction is whether his plea agreement expressly uses a Guidelines sentencing range to establish his term of imprisonment. It does not, and under Justice Sotomayor's controlling rationale, he is not eligible.

Under Justice Sotomayor's approach, a prisoner sentenced under a binding plea agreement is eligible for § 3582(c)(2) relief only if the binding plea agreement itself expressly refers to and relies on a guideline sentencing range. Dixon's written plea agreement provided that "the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons for at least fifteen but no more than twenty years." Because there was no specific reference to a Guideline range, Dixon's agreement does not qualify for Justice Sotomayor's first excep-

tion. To qualify under her second exception, his agreement either would have had to "expressly use" a Guideline range or a Guidelines sentencing range would have to be "evident from the agreement itself." No Guideline range appears in the written terms of the plea agreement that could have formed the basis for the fifteen to twenty year sentencing range. Nevertheless, the agreement sets forth information about Dixon's offense level (37) and criminal history category (VI). The Guideline range for offense level 37 and criminal history category VI is 360 months to life in prison. That much is evident from the agreement itself. Unlike the plea agreement in *Freeman*, though, Dixon's plea agreement did not expressly link the offense level and criminal history to the much lower agreed sentence range — fifteen to twenty years' imprisonment. In short, the written terms of the agreement itself do not "make clear" that any particular Guidelines range was "employed." See *Freeman*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment).

Instead, the link between the Guidelines and the range under the binding plea agreement came from the prosecutor's oral statements at the sentencing hearing. Dixon argues that those statements show beyond reasonable doubt that, although a Guidelines range is not expressly stated in the written agreement, the imprisonment range agreed to by the parties was based on the Guidelines. The agreed range was from one-half to two-thirds of the bottom of the applicable Guideline range, with the reduction based on Dixon's substantial assistance to the government. See U.S.S.G. § 5K1.1 (down-

ward departure for substantial assistance). At the sentencing hearing, the prosecutor advised the court that Dixon had provided helpful and truthful information relating to several ongoing investigations and had assisted the government in securing the cooperation of other individuals still on the street, ultimately making "a strong recommendation for a downward departure in this case." The prosecutor explained more specifically the terms of the parties' agreement as providing a departure for substantial assistance: "In terms of some additional guidance for Your Honor. The range, the 15- to 20-year range is a half to a third off. That's the spread." Nov. 2, 2001 Tr. at 18-19. The judge sentenced Dixon to 190 months, saying that was "close to the low end of the agreement*." Id.* at 24. For present purposes, these oral statements tie the range in the binding plea agreement directly to the applicable Guideline range: the parties agreed that Dixon's sentence should be one-half to two-thirds of the low end of his applicable Guideline range.

If the written agreement itself had said what the prosecutor told the court, that Dixon should receive a discount of one-third to one-half from the bottom of the applicable Guideline range, then under Justice Sotomayor's opinion, the district court could have exercised its discretion to decide to grant or deny relief to Dixon. See 131 S. Ct. at 2700 n.9. But are such oral statements sufficient to allow § 3582(c)(2) relief under Justice Sotomayor's approach in *Freeman*? As we read the opinion, we think the answer is no.

The Sixth Circuit recently considered this question from the opposite perspective, whether oral statements

could contradict a written plea agreement's reliance on a Guideline range, and said no. In *United States v. Smith*, 658 F.3d 608, 612-13 (6th Cir. 2011), the Sixth Circuit held that the defendant was eligible for sentence reduction based on the worksheet attached to the plea agreement detailing the parties' Guideline calculations. The government had opposed the defendant's sentence reduction motion by arguing that statements made by defendant's trial counsel in objecting to the probation officer's calculation of the Guideline range were an "admission" that the defendant's binding plea agreement was not based on the Guidelines, contrary to a Guidelines worksheet the parties had attached to the agreement. The court reasoned that Justice Sotomayor had rejected the idea that courts can consider parol evidence to ascertain whether the sentence in the plea agreement was based on the Guidelines. *Id.* at 613, quoting *Freeman*, 131 S. Ct. at 2697 ("I therefore cannot agree with Freeman that § 3582(c)(2) calls upon district courts to engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it."). Consequently, the Sixth Circuit found that Smith's counsel's "after-the-fact statements about the basis for the plea agreement" were not relevant to Smith's eligibility for a sentence reduction. 658 F.3d at 613.

In this case, it is the defendant who seeks to rely on the oral statements. The prosecutor's oral statements in Dixon's sentencing hearing informed the court of the parties' negotiations that resulted in the binding plea

agreement for a one-third to one-half discount from the bottom of the applicable Guideline range. It is hard to believe that these assurances were not relevant, perhaps even decisive, in the judge's decision to accept the binding plea agreement. Nevertheless, Justice Sotomayor's controlling opinion in *Freeman* addressed this possibility and rejected reliance on the parties' negotiations and oral explanations beyond the scope of the written agreement itself.

All that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement. See, *e.g.*, *Rivera-Martínez*, 665 F.3d at 349-50 (defendant ineligible where plea agreement contained an offense level but did not identify any Guidelines sentencing range or a criminal history category); *Brown*, 653 F.3d at 340 (defendant ineligible where plea agreement, although specifying a range of possible terms of imprisonment, did not "expressly use a Guidelines sentencing range to establish his term of imprisonment"). Dixon's binding plea agreement contained an offense level and criminal history category sufficient to determine that the applicable Guideline range was 360 months to life in prison. The written agreement then provided for a binding range of 180 to 240 months in prison. The written agreement therefore did not expressly base the agreed sentence on a Guideline range in the written agreement itself. Pursuant to Justice Sotomayor's controlling opinion in *Freeman*, we find ourselves con-

strained to conclude that Dixon's sentence was not "based on" a subsequently-reduced Sentencing Guideline range. Accordingly, Dixon is not eligible for a sentence reduction under § 3582(c)(2). The judgment of the district court is

AFFIRMED.