NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted, May 9, 2013[*]

Decided May 9, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3459

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 04-CR-464-37 |
| HENRY JENKINS, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, |
| | *Judge.* |

**O R D E R**

Henry Jenkins appeals from the denial of a motion to reduce his prison sentence based on a retroactive change to the offense levels for crack-cocaine offenses. *See* 18 U.S.C. § 3582(c)(2). The district court correctly determined that there was no basis to reduce his sentence, and thus we affirm the judgment.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Jenkins pleaded guilty to conspiring to possess with the intent to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). In his plea agreement Jenkins stipulated that he sold "approximately" 2 to 6 ounces of crack each week during roughly the first six months of 2002, "about" 1 to 2 ounces of crack each day from around November 2002 through February or March 2003, and "about" 1/2 to 2 ounces of crack daily from approximately April 2003 through May 2004. The parties agreed for the purpose of applying the sentencing guidelines that Jenkins was accountable for "more than 1.5 kilograms" of crack. Yet a conservative tally of Jenkins's crack sales during those three periods (1.4, 3.4, and 5.6 kilograms) exceeds 10 kilograms.

At sentencing the district court adopted the probation officer's recommendation to hold Jenkins responsible for more than 1.5 kilograms of crack, which at the time corresponded to a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2004). After a 3-level reduction for acceptance of responsibility, *see id.* § 3E1.1, Jenkins's total offense level of 35 and criminal history category of VI yielded a guidelines imprisonment range of 292 to 365 months. The district court granted the government's motion for a departure for Jenkins's substantial assistance, *see id*. § 5K1.1, and imposed a sentence of 146 months.

In 2012 Jenkins filed a motion arguing that he was eligible for a sentence reduction under § 3582(c)(2) based on amendments 748 and 750 to the guidelines, which together retroactively lowered the offense levels for certain crack-cocaine offenses. *See* U.S.S.G. App. C, vol. III 374–85, 391–98 (2011). Jenkins asserted that he is accountable only for 1.5 kilograms of crack, and because § 2D1.1 as amended ascribes a base offense level of 34 for crimes involving that amount, *see* U.S.S.G. 2D1.1(c)(3) (2011), he argued that his imprisonment range had decreased. The government countered that the district court should find Jenkins responsible for at least 8.4 kilograms—which would keep his base offense level at 38 and leave his guidelines range unchanged, *see* U.S.S.G. § 2D1.1(c)(1) (2011)—because his drug sales admitted in the plea agreement conservatively total more than that amount. At Jenkins's request the district court appointed counsel to respond to the government's argument; that lawyer agreed with the government that Jenkins's plea agreement supports a crack amount exceeding 8.4 kilograms. The court did not make an explicit drug-quantity finding but denied Jenkins's motion after concluding that there is no "basis upon which I can reduce his sentence because his offense level has not changed."

Under different circumstances the district court's terse order denying Jenkins's motion might have impeded meaningful appellate review and required a remand for further explanation. *See United States v. Marion*, 590 F.3d 475, 477–78 (7th Cir. 2009). But this is not the typical case because the court was presented with submissions by both parties that came to the same conclusion: The plea agreement conclusively shows that Jenkins was responsible for at least 8.4 kilograms of crack, so the retroactive amendment of § 2D1.1 had

no effect on his imprisonment range. Thus, we are certain why the court concluded that it was not authorized to reduce Jenkins's sentence.

On appeal Jenkins contests the district court's consideration of the stipulations in his plea agreement. The drug estimates in the plea agreement, he argues, are too vague, and thus the court should not have relied on them. We disagree. Jenkins cannot disavow his stipulations, *see United States v. Siegler,* 272 F.3d 975, 978 (7th Cir. 2001); *United States v. Flores-Sandoval,* 94 F.3d 346, 349 (7th Cir. 1996), and his admissions to regular sales of significant amounts of crack for more than two years easily support an estimate of at least 8.4 kilograms, *see United States v. Krasinski,* 545 F.3d 546, 552 (7th Cir. 2008). This higher quantity is amply supported by Jenkins's admissions—which are anything but vague—and is not inconsistent with the court's previous finding at sentencing. *See United States v. Duncan*, 639 F.3d 764, 768 (7th Cir. 2011); *United States v. Woods*, 581 F.3d 531, 538–39 (7th Cir. 2009). Because Jenkins's sentencing range has not been lowered, the district court lacked the authority to grant his motion to reduce his sentence. *See United States v. Dixon*, 687 F.3d 356, 358 (7th Cir. 2012).

AFFIRMED.