## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016[*]
Decided February 22, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2719

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:09 CR 00089-001 |
| LASHONE OWENS, *Defendant-Appellant.* | Larry J. McKinney, *District Judge.* |

**O R D E R**

Lashone Owens appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which retroactively lowered the base offense level for most drug crimes. *See* U.S.S.G. § 1B1.10(d); *id.* Supp. to App. C., amends. 782, 788 (2014). The district court denied the motion on the ground that a binding plea agreement, not the guidelines range,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

established Owens's sentence, and thus he is ineligible for a reduction. *See* FED. R. CRIM. P. 11(c)(1)(C). We affirm the denial of the motion.

For several years Owens supplied Indiana dealers with marijuana he shipped from Arizona. Initially his couriers used rental cars to move marijuana and currency between the two states, but later he formed a trucking company to transport the marijuana. Owens also used that company and a construction business to launder his drug proceeds. An investigation by the DEA and IRS led to Owens's arrest in 2008. As part of a binding agreement between the parties, Owens pleaded guilty to conspiracy to possess with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and structuring financial transactions to evade bank reporting requirements, 31 U.S.C. § 5324(a). In return the government declined to seek a recidivism enhancement, *see* 21 U.S.C. § 851, or to allege that the amount of marijuana was at least 1,000 kilograms, *see id.* § 841(b)(1)(A). Those steps would have mandated a statutory minimum of at least 20 years. The government also agreed with Owens that although he is a career offender under the guidelines, *see* U.S.S.G. § 4B1.1, that provision overstates his criminal history. The parties agreed that a prison sentence of 121 to 151 months was appropriate, and Owens also agreed "not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." The district court accepted the plea agreement and sentenced Owens to a total of 121 months' imprisonment. The court did not determine Owens's offense level or criminal-history category, instead stating that it accepted the range of imprisonment provided in the binding plea agreement.

In opposing Owens's motion under § 3582(c)(2), the government relied exclusively on the binding nature of the plea agreement, *see* FED. R. CRIM. P. 11(c)(1)(C), and did not seek to enforce the explicit waiver in that agreement for motions to "modify" the sentence. The waiver would seem to cover this matter, *cf. United States v. Woods*, 581 F.3d 531, 533, 536 (7th Cir. 2009); *United States v. Monroe*, 580 F.3d 552, 555–56, 559 (7th Cir. 2009), but the government's choice to forgo asserting it relieved Owens of his promise not to seek a reduction, *see United States v. Kieffer*, 794 F.3d 850, 852 (7th Cir. 2015); *United States v. Adigun*, 703 F.3d 1014, 1022 (7th Cir. 2012). The district court followed the government's approach in denying Owens's motion.

A term of imprisonment may be modified if it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014). That condition is not satisfied in the case of a Rule 11(c)(1)(C) plea agreement, however, unless the agreement

calls for the defendant to be sentenced within a particular guidelines range or specifies that the agreed sentence resulted from applying the guidelines. *See Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011) (Sotomayor, J., concurring); *United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012). Owens's plea agreement does not tie the proposed range of imprisonment to the sentencing guidelines. Instead, despite recognizing during their negotiations that Owens is a career offender under the guidelines, *see Freeman*, 131 S. Ct. at 2697 (Sotomajor, J., concurring), the parties rejected relying on that provision—or any other range calculated by reference to the sentencing guidelines—in selecting an appropriate sentence. Thus, as the district court concluded, Owens is not eligible for a sentence reduction premised on Amendment 782.

Owens's attempt to evade his plea agreement is unpersuasive. He argues that the agreement cannot be the basis of his sentence because, he says, the government misrepresented as a felony, rather than a misdemeanor, one of the convictions assumed to make him a career offender. Had the district court been properly informed, Owens continues, the court never would have accepted the plea agreement, and so he *should* have been sentenced under the guidelines range that would have applied using U.S.S.G. § 2D1.1. But whether this logic is sound is irrelevant, because the district court *did* accept the plea agreement and explicitly adopted the agreed range of imprisonment without making independent findings about the applicable guidelines range. Owens's sentence, therefore, is based on the plea agreement, not the sentencing guidelines.

AFFIRMED.