NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2016[*]
Decided March 14, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2265

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:10CR00003-001 |
| JUAN CARLOS ADAME-HERNANDEZ, *Defendant-Appellant.* | Jane E. Magnus-Stinson, *Judge.* |

**O R D E R**

Juan Carlos Adame-Hernandez pleaded guilty to conspiracy to distribute a controlled substance. See 21 U.S.C. §§ 846, 841(a)(1). After he was sentenced, Adame-Hernandez filed a *pro se* motion arguing that his sentence should be reduced under 18 U.S.C. § 3582(c)(2), in order to recognize Amendment 782's reduction in the base offense levels for drug crimes. The district court denied this motion, explaining that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

the changes made by Amendment 782 occurred before sentencing and had already been taken into account. Adame-Hernandez appeals that decision, which we affirm.

This is the second time that Adame-Hernandez has filed an appeal relating to his conspiracy conviction. His first appeal resulted in a remand for resentencing. *United States v. Adame-Hernandez*, 763 F.3d 818, 831 (7th Cir. 2014). At resentencing the district court recognized that, after the date of the defendant's initial sentencing, Amendment 782 had reduced his base offense level from 38 to 36. See U.S.S.G. supp. to app. C, amend. 782 (2014). Compare U.S.S.G. § 2D1.1(c)(2)(2011), with *id*. § 2D1.1(c)(2)(2014). The court applied the lower figure in calculating a guidelines imprisonment range of 188 to 235 months' imprisonment and sentenced Adame-Hernandez to the 204 months agreed by the parties in their written plea agreement. See FED. R. CRIM. P. 11(c)(1)(C).

Adame-Hernandez did not file an appeal from that sentence. Instead, he filed the § 3582(c)(2) motion underlying this appeal. In this court Adame-Hernandez tries to enlarge the scope of his appeal by arguing that the district court made several errors in calculating and imposing his sentence. Our jurisdiction, though, is limited to reviewing the order denying Adame-Hernandez's motion under § 3582(c)(2). Adame-Hernandez's notice of appeal mentions (and was timely as to) only that decision. See FED. R. APP. P. 3(c)(1)(B); *Montano v. City of Chicago*, 375 F.3d 593, 601 (7th Cir. 2004) (noting that this court lacked jurisdiction to review order not designated in notice of appeal); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 468 (7th Cir. 1999) (same). And as for the matter that is before us, the district court explained to Adame-Hernandez that the lower base offense level resulting from Amendment 782 was incorporated into his guidelines range at resentencing. Even if that were not the case, the amendment would do him no good because, having agreed to a specific sentence not explicitly based on the guidelines, Adame-Hernandez is not eligible for a sentence reduction under § 3582(c)(2). See *Freeman v. United States,* 131 S. Ct. 2685, 2697–700 (2011) (Sotomayor, J., concurring); *United States v. Dixon*, 687 F.3d 356, 362 (7th Cir. 2012).

**AFFIRMED**.