In the

# United States Court of Appeals
### For the Seventh Circuit

No. 17-1779

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DONNELL JEHAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 04 CR 464 — **Elaine E. Bucklo**, *Judge.*

ARGUED NOVEMBER 14, 2017 — DECIDED NOVEMBER 28, 2017

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges.*

PER CURIAM. Donnell Jehan appeals from the order denying his motion under 18 U.S.C. § 3582(c)(2) to reduce his prison sentence for his role in a drug conspiracy. The district court denied that motion on the ground that Jehan's sentence is based on a binding plea agreement, not on a Guidelines range affected by an amendment to the Sentencing Guidelines. We affirm.

Between 1989 and 2004, Jehan rose through the ranks to become one of three "kings" of the Black Disciples street gang in Chicago. He provided powder cocaine, crack cocaine, and heroin to the gang's drug salesmen, meted out punishment to lower-tier members, carried firearms, and ordered violence against members of rival gangs. But his career as a gang leader ended in May 2004 when federal authorities brought charges against 47 members and associates of the Black Disciples. Although aware he had been indicted for conspiracy to distribute cocaine and heroin, 21 U.S.C. §§ 846, 841(a)(1), Jehan fled and remained a fugitive until finally surrendering in April 2008.

Jehan pleaded guilty. In his plea agreement, he acknowledged responsibility for at least 1.5 kilograms of crack, 150 kilograms of powder cocaine, and 30 kilograms of heroin. Using the version of the drug-quantity table then in effect, *see* U.S.S.G. § 2D1.1(c) (2007), the parties agreed to a base offense level of 38 and calculated the anticipated range of imprisonment. With various adjustments, Jehan's total offense level was 43, and his criminal history category was I, yielding a Guidelines range of life imprisonment.

Jehan's plea agreement also provided that, if the government elected to move for a downward departure for substantial assistance, *see* U.S.S.G. § 5K1.1, a specific sentence would apply: 300 months, or 25 years. This provision is governed by Federal Rule of Criminal Procedure 11(c)(1)(C), which allows a defendant and the government to specify a "specific sentence or sentencing range" that will "bind the court" if accepted by the judge. In other words, the plea agreement, if accepted, contemplated two alternative outcomes: (1) 300 months if Jehan cooperated, and (2) life imprisonment if he

did not. The agreement further provided, however, that Jehan might become eligible for a sentence reduction under Federal Rule of Criminal Procedure 35(b) if he later assisted the government in a manner not "taken into account" already by the existing agreement. The agreement also contains boilerplate clauses waiving Jehan's right to appeal or collaterally attack his sentence but retaining his right to move "pursuant to Sentencing Guideline § 1B1.10 and 18 U.S.C. § 3582(c) for a reduction of sentence as a result of an amendment to the Sentencing Guidelines."

The district judge accepted the plea agreement. At sentencing, in December 2008, the government moved under § 5K1.1 for a downward departure, triggering the provision governed by Rule 11(c)(1)(C). The judge granted that motion and sentenced Jehan to the agreed term of 300 months.

Years later, in February 2015, the government moved under Rule 35(b)(2)(C) to reduce Jehan's sentence after someone "associated with" Jehan provided information that led to the arrest of three people. The government proposed a new sentence of at least 240 months—a 20 percent reduction from 300 months. The district judge granted the motion.

Then in October 2016, Jehan moved through counsel to further reduce his sentence under 18 U.S.C. § 3582(c)(2). He relied on Amendment 782 to the Sentencing Guidelines, which in 2014 lowered by 2 the base offense level for most drug crimes. Jehan argued that the amendment would have lowered his Guidelines range, and thus he should receive a reduced prison term—he proposed 188 months. The district judge denied Jehan's motion, saying in a brief minute entry that she lacked "authority" to reduce his sentence under *Freeman v. United States*, 131 S. Ct. 2685 (2011), and *United States*

*v. Ray*, 598 F.3d 407 (7th Cir. 2010). Jehan has appealed that decision.

## DISCUSSION

Section 3582(c)(2) authorizes a district court to reduce a sentence that is "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." (emphasis added). In 2011 the Supreme Court held—without a majority opinion—that defendants who enter into binding plea agreements under Rule 11(c)(1)(C) may be, but are not automatically, entitled to reductions under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2690. Eligibility depends on whether the sentence agreed to under Rule 11(c)(1)(C) is actually "based on" an amended Guidelines range. *See id*. The justices could not reach a consensus, however, about how to determine whether a sentence is "based on" the Guidelines. *See id*.

Justice Sotomayor, in a concurrence, concluded that a sentence imposed in accordance with Rule 11(c)(1)(C) usually is not "based on" the Guidelines, but on the agreement itself. *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring). Thus, she explained, a defendant sentenced under a Rule 11(c)(1)(C) agreement is eligible to seek a reduction under § 3582(c)(2) only in two scenarios: first, if the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or, second, if the agreement provides a specific term of imprisonment but "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense." *Id*. at 2697 (Sotomayor, J., concurring). We previously had used an approach similar to the one articulated by Justice Sotomayor, *see Ray*, 598 F.3d at 409–11 (cited approvingly in *Freeman*, 131 S. Ct. at 2698 n.3 (Sotomayor, J.,

concurring)), and we have since expressly adopted Justice Sotomayor's approach, *see United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013); *United States v. Dixon*, 687 F.3d 356, 359–60 (7th Cir. 2012). Accordingly what matters here is "whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement" or the district judge's decision to accept it. *Dixon*, 687 F.3d at 361; *see Ray*, 598 F.3d at 410–11 (holding that defendant who enters into Rule 11(c)(1)(C) agreement is not eligible for later reduction under § 3582(c)(2) unless "intent to modify is apparent at the time of the agreement").

Jehan's lawyer contends that the second exception identified by Justice Sotomayor applies. The government counters that Jehan's plea agreement is almost identical to the one in *Dixon*, which we held did *not* allow for a reduction under § 3582(c)(2). *See Dixon*, 687 F.3d at 360. But Jehan's lawyer insists that the many references to the Guidelines in his agreement, as well as the term of 300 months itself, show that the sentence is in fact "based on" the Guidelines. First, counsel points out that the district judge was required to consider the Guidelines when deciding whether to accept the plea agreement, and that Jehan would have to accept a Guidelines-based sentence if the judge rejected the agreed term of imprisonment. These references to the Guidelines, counsel contends, mean that the 300-month sentence rests on the judge's "determination—whether explicit or implicit—that the sentence agreed upon is reasonable with respect to the Guidelines." But Justice Sotomayor (and the four members of the dissent) already rejected this logic in *Freeman*, *see* 131 S. Ct. at 2695–96 (Sotomayor, J., concurring), 2701 (Roberts, C.J., dissenting). Simply because the parties or the sentencing court considered

the Guidelines—even if they included information about the Guidelines in the plea agreement—does not mean that the negotiated sentence is *based on* the Guidelines. *See id.* at 2695 (Sotomayor, J., concurring); *Dixon*, 687 F.3d at 361–62.

Jehan's lawyer, who did not represent Jehan in the underlying criminal case and played no part in negotiating the agreement, also engages in rank speculation in trying to demonstrate that the parties derived the 300-month sentence from the Guidelines. *Cf. Freeman*, 131 S. Ct. at 2699–700 (Sotomayor, J., concurring) (concluding that agreed sentence, which equaled statutory minimum for one charge plus bottom of Guidelines range for second charge, obviously was based on the Guidelines). Counsel assumes that the 300-month sentence, which resulted from a downward departure under § 5K1.1, must represent a reduction of 3 offense levels (from 43 to 40) since 300 months falls within the imprisonment range for a total offense level of 40 and criminal history category I: 292 to 365 months. Thus, she argues, applying the 2-level reduction from Amendment 782 would have yielded an agreed sentence within the range for offense level 38 and criminal history category I: 235 to 293 months. She then assumes that the parties would have chosen a sentence of 235 months (conveniently ignoring that the 300-month sentence did *not* fall exactly at the bottom of Jehan's supposedly "reduced" Guidelines range of 292 to 365 months). Counsel contends further that the government still would have later moved for a 20 percent reduction under Rule 35, leading to the 188-month sentence Jehan now seeks.

Not only does this scenario lack support in the record (the lawyer cites nothing to substantiate it), but it also ignores a basic fact: a motion under § 5K1.1 does not "reduce" the total

offense level or the Guidelines range. Instead, "[u]nder the Guidelines, a defendant has only one 'applicable Guideline range,' and it is a range that the district court calculates before granting any departures under Chapter 5 of the Guidelines." *United States v. Guyton*, 636 F.3d 316, 319 (7th Cir. 2011); *see United States v. Castillo*, 695 F.3d 672, 675 (7th Cir. 2012) ("A departure is a departure; it is a sentence above or below the applicable Guidelines range."). Thus the choice of 300 months instead of a life sentence does not establish an "offense-level reduction" of the sort counsel posits.

More importantly, even if the agreed sentence *is* the product of a formula tracking counsel's guesswork, that formula is not expressed in the plea agreement, so this court cannot rely on it. *See Dixon*, 687 F.3d at 361 (noting that courts cannot rely on "negotiations and oral explanations beyond the scope of the written agreement itself"). Just as in *Dixon*, Jehan's plea agreement does not "expressly link the offense level and criminal history to the much lower agreed sentence" of 300 months, so it cannot be said to be "based on" the Guidelines. *Id*. at 360; *see Ray*, 598 F.3d at 409 (noting that plea agreement must "*clearly* reflect an intent" for sentence to be modified along with future changes in Guidelines). Logically speaking, Jehan's original 300-month sentence appears less likely to be directly tied to the Guidelines than based on a rough compromise between life imprisonment and the 10-year statutory minimum.

None of this is changed by counsel's attempts to distinguish *Freeman* and *Dixon*. First, she takes issue with the district judge's reason for denying Jehan's motion for a reduction—that the judge lacked "authority" to do so. Counsel mis-

interprets the judge's reason as a statement about subject-matter jurisdiction. She is correct that a defendant's eligibility for a reduction under § 3582(c)(2) should not be confused with the district court's jurisdiction to decide the motion. *See United States v. Taylor*, 778 F.3d 667, 671 (7th Cir. 2015). But the district judge never suggested that she lacked subject-matter jurisdiction and, indeed, "denied" rather than "dismissed" Jehan's motion. *Taylor* itself recognizes that the language the judge used here—"no authority"—does not signal a lack of jurisdiction. *See id*. at 670 ("[D]istrict courts have subject-matter jurisdiction over—that is, the power to adjudicate—a § 3582(c)(2) motion even when authority to *grant* a motion is absent because the statutory criteria are not met."). The district judge was correct that she lacked the "authority to reduce" Jehan's sentence because it is not "based on" the Guidelines as required by § 3582(c)(2). *See Freeman*, 131 S. Ct. at 2696–98 (Sotomayor, J., concurring); *Dixon*, 687 F.3d at 359.

Jehan's lawyer also contends that two features of Jehan's plea agreement show that the parties intended to allow later modification of the sentence through § 3582(c)(2). Counsel points out that the appeal-waiver provision forecloses a direct appeal or collateral attack but expressly allows for a motion under § 3582(c)(2). But even giving Jehan the benefit of the doubt, *see Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012) (noting that agreements are contracts and that ambiguities are resolved in favor of defendant), we do not read this provision as tying Jehan's sentence to future changes in the Guidelines. *See Ray*, 598 F.3d at 409–10 (asking whether Rule 11(c)(1)(C) agreement "*clearly* reflect[s] an intent to tie the sentence to the Guidelines so that, if the Guidelines are subsequently adjusted, the sentence should be similarly adjusted").

Instead the provision says only that, to the extent Jehan is *eligible* for a reduction under § 3582(c)(2)—and who can say how that statute will be changed or reinterpreted in the future—he does not give up his right to ask for one. *See id*.; *see also United States v. Owens*, 640 F. App'x 503, 504 (7th Cir. 2016) (treating waiver of right to bring motion under § 3582(c)(2) as separate from eligibility for reduction under Rule 11(c)(1)(C) agreement). Simply saying one does not waive the right to file a certain motion does not mean that the motion will be automatically meritorious—surely counsel is not suggesting that defendants who refuse to sign appeal waivers are assured of prevailing if they do appeal.

Jehan's lawyer further argues in her reply brief that the government's decision to file a Rule 35(b) motion undercuts the importance of the parties' choice of 300 months. But that reduction, unlike one under § 3582(c)(2), actually was explicitly contemplated in the agreement. The fact that the parties specifically provided for the possibility of a Rule 35(b) reduction shows that they equally could have provided for Jehan's sentence to "be adjusted in tandem with any future adjustment in the Guidelines." *See Ray*, 598 F.3d at 411. They did not.

Finally, Jehan's lawyer contends that declining to allow Jehan to move for a reduction contravenes the purpose of Amendment 782, which, according to her, was intended to "eliminate a systemic injustice" of sentences being imposed "far in excess of the mandatory minimum ranges provided by statute." Counsel cites the plurality's opinion in *Freeman*, authored by Justice Kennedy, to argue that denying Jehan a sentence reduction creates an arbitrary distinction "between similar defendants based on the terms of their plea agreements." *Freeman*, 131 S. Ct. at 2695. But, despite counsel's continued

protestations, Justice Kennedy's approach did not carry the day and is not binding on this court. *See Dixon*, 687 F.3d at 359–60.

## CONCLUSION

For the reasons set forth in this opinion, the district court's denial of a sentence reduction under § 3582(c) is AFFIRMED.