**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2018*
Decided April 19, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2449

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> MARIO RODAS, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. <br><br> No. 2:10-CR-00026-JMS-CMM-3 <br><br> **Jane E. Magnus-Stinson**, <br> *Chief Judge*. |

**O R D E R**

Mario Rodas seeks a sentence reduction. He pled guilty in 2012 to conspiring to distribute methamphetamine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), and conspiring to launder money, 18 U.S.C. § 1956. The district court sentenced him to 240 months' imprisonment based on a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). When the Sentencing Guidelines were later amended to reduce his offense level retroactively, Rodas sought to reduce his sentence under 18 U.S.C.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 3582(c)(2). The district judge denied Rodas's motion. Because the binding plea agreement fixes Rodas's sentence despite any later amendments to the Guidelines, we affirm.

Rodas's plea agreement contained three key provisions. First, under Federal Rule of Criminal Procedure 11(c)(1)(C), Rodas and the government entered an "agreement to a sentence of 240 months' imprisonment" that would bind the judge too if she accepted the agreement. Second, Rodas agreed to a broad waiver of post-judgment rights to challenge his sentence. Third, Rodas and the government stipulated that his base offense level was 38 and was subject to several adjustments. The agreement did not calculate a criminal history score or adopt a guideline range based on any offense level.

The district judge approved Rodas's plea agreement and sentenced him to 240 months' imprisonment. She agreed with the parties' calculation of the base offense level, noting that Rodas had admitted responsibility for at least 15 kilograms of methamphetamine, which at the time supported a base offense level of 38. But she added that "the guideline calculation is essentially irrelevant" because the parties' Rule 11(c)(1)(C) agreement set the sentence. She advised Rodas that the agreement was binding and ensured that he understood the provision waiving his right to postjudgment challenges to his sentence.

Two years later, in 2014, the United States Sentencing Commission adopted and made retroactive Amendment 782 to the Sentencing Guidelines, which lowered by two the base offense level for most drug crimes. Rodas then moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). This provision allows a district judge to modify a sentence that is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Rodas argued that his sentence was based on a drug quantity of 15 kilograms of methamphetamine, which after Amendment 782 supports a base offense level of 36 instead of 38. The district judge denied the motion, explaining that the sentence was not "tied to a guideline calculation"—it was based on a binding Rule 11(c)(1)(C) plea agreement. Rodas moved for reconsideration, but the judge denied the motion, adding another reason: The plea agreement's waiver provision meant that Rodas could not seek modification under § 3582(c)(2).

On appeal Rodas contends that his plea agreement should not preclude him from receiving the benefit of Amendment 782. Without deciding the scope of the waiver, we agree with the district judge that Rodas is ineligible for a sentence reduction. The controlling rule here comes from *Freeman v. United States*, 564 U.S. 522 (2011). In *Freeman*, a majority of the justices could not agree on a holding but Justice Sotomayor's

concurrence, *id*. at 534–544, provided the "narrowest, most case-specific basis" for the decision and therefore controls our analysis. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (explaining that Justice Sotomayor's opinion controls under *Marks v. United States*, 430 U.S. 188, 193 (1977)). Justice Sotomayor explained that a defendant who enters into a plea agreement under Rule 11(c)(1)(C) is not entitled to retroactive sentence reductions unless the agreement was explicitly based on the Sentencing Guidelines. 564 U.S. at 535–540 (Sotomayor, J., concurring); see *United States v. Jehan*, 876 F.3d 891, 893 (7th Cir. 2017).

Rodas argues unpersuasively that because his plea agreement stipulated to a base offense level and for adjustments to that level, his 240-month sentence is therefore "based on" the Guidelines. Negotiating parties, like those here, often use the Guidelines as a starting point, but that fact alone does not "empower the court under § 3582(c)(2) to reduce the term of imprisonment" agreed upon. *Freeman*, 564 U.S. at 537 (Sotomayor, J., concurring). "All that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement." *Dixon*, 687 F.3d at 361. The plea agreement, and the district judge in accepting it, both stated that the prison sentence was based on the agreement to a 240-month term of imprisonment, not on the Guidelines. In fact, the district court never found a specific guideline range applicable to Rodas, with a final offense level and criminal history category. Thus, Rodas is ineligible for a reduction.

Rodas has one final argument. He contends that in sentencing him the district judge "clearly erred" in determining his drug quantity. But it is too late to appeal his drug quantity as calculated at sentencing, see FED. R. APP. P. 4(b)(1)(A); *United States v. McCarroll*, 811 F.3d 975, 977 (7th Cir. 2016) (section 3582 does not "authorize a full resentencing"), and Rodas waived his right to do so anyway.

The judgment denying sentence modification under § 3582(c) is AFFIRMED.