**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 24, 2019[*]
Decided October 18, 2019

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1726

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois |
| | |
| *v.* | No. 1:11-cr-10040-JES-JAG-3 |
| | |
| ANTONIO D. SEYMON, | James E. Shadid, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

In 2012, defendant-appellant Antonio D. Seymon was charged with several drug crimes stemming from the distribution of crack cocaine. He was facing a mandatory life sentence if he were convicted. That life sentence could have been based on the charged quantity of crack and Seymon's three prior drug felony convictions, if the government had chosen to use 21 U.S.C. § 851 to enhance his sentence under 21 U.S.C. § 841. Without the mandatory life sentence, Seymon's expected Sentencing Guideline range

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

would have been 188 to 235 months in prison. Before trial, the parties agreed on a compromise. Seymon agreed to plead guilty to one count of conspiring to distribute crack cocaine and to admit to more than 280 grams of crack. The parties framed their plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), specifying a prison sentence of 300 months (25 years). The court accepted the plea and sentenced Seymon accordingly. He did not appeal.

In 2014, the Sentencing Commission adopted Amendment 782, which retroactively reduced offense levels for most federal drug offenses. In the wake of Amendment 782, Seymon moved for a reduced sentence under 18 U.S.C. § 3582(c)(2). The district court denied that motion because his sentence had been based on the binding plea agreement rather than on the Guidelines. Seymon appealed then. We affirmed in a non-precedential order that followed then-controlling circuit precedent, which treated as controlling Justice Sotomayor's lone concurring opinion in the 4-1-4 decision in *Freeman v. United States*, 564 U.S. 522 (2011); see *United States v. Dixon*, 687 F.3d 356 (7th Cir 2012).

Then, in 2018, the Supreme Court resolved a circuit split about how to interpret the split decision in *Freeman*. In *Hughes v. United States*, 138 S. Ct. 1765 (2018), the Court expressly abrogated our decision in *Dixon* and made someone in Seymon's position legally eligible for relief under Amendment 782 and 18 U.S.C. § 3582(c)(2). Under the reduced Guidelines, and apart from § 851's effects, Seymon's new Guideline range would have dropped to 151 to 188 months.

Seymon then filed a new motion for relief under 18 U.S.C. § 3582(c)(2), and the district court appointed counsel for him. After briefing, the district judge issued a brief order denying relief. Under *Hughes*, the judge wrote, Seymon "might be eligible" for a sentence reduction. Without deciding that legal question, the judge said he would deny relief in the exercise of his discretion. The judge explained that he had not based Seymon's original sentence on the Guidelines but on the compromise the parties had reached, which was in between a likely mandatory life sentence upon conviction and the otherwise-applicable Guideline range. The judge also noted that a co-defendant who was convicted at trial had been sentenced to a much heavier sentence, 576 months (48 years) in prison, signaling the judge's view that Seymon benefited substantially by pleading guilty under the plea agreement. See *United States v. Cheek*, 740 F.3d 440 (7th Cir. 2014) (affirming convictions and 576-month sentence of co-defendant Cheek).

The district judge's explanation was terse, but it was sufficient to signal that he recognized or at least assumed he had legal authority to reduce the sentence. His order also showed that he then exercised his discretion to deny relief for reasons that are

certainly acceptable, referring back to the original sentencing hearing and both parties' recognition that the agreed sentence was first and foremost a compromise reached in the face of a potential (even likely) mandatory life sentence. We review deferentially such exercises of discretion under § 3582(c)(2).

The judge's reference to co-defendant Cheek's much heavier sentence after his conviction at trial does not reflect an abuse of discretion. Cheek and Seymon were both leaders and organizers under the Guidelines, though Cheek was found guilty of a smaller quantity of crack and had a more extensive criminal history. The two were not identically situated, but their situations were similar enough, and their sentences so different, as to signal that Seymon had still received a very substantial benefit by agreeing to the 300-month sentence.

The judge did not abuse his discretion by leaving both parties with the terms of the compromise they agreed upon back in 2012. The district court's denial of relief under Amendment 782 and § 3582(c)(2) is

AFFIRMED.